LUHMAN and another, Copartners, Appellants, v. EVERGREEN CEMETERY ASSOCIATION, Respondent.

*October 6—November 5, 1958.*

For the appellants there was a brief by *Clifford & Fitzpatrick,* attorneys, and *William B. Clifford* and *James A. Fitzpatrick* of counsel, all of Watertown, and oral argument by *James A. Fitzpatrick.*

For the respondent the cause was submitted on the brief of *Smith, Rogers & Smith* of Fort Atkinson.

BROADFOOT, J. Neither party could cite any controlling Wisconsin case dealing with the subject involved in this controversy. Several cases from other jurisdictions were cited to the trial court and to us, but upon a review of those cases we find none particularly applicable to this situation.

It is clear that cemetery associations have the right to make rules, but there are certain restrictions upon this right: First, the rules must be reasonable; second, they must be made in good faith; and third, must apply to all persons uniformly.

Whether a rule is reasonable or unreasonable depends upon all of the facts and circumstances in each case. The complaint, liberally construed, raises an issue that the rule complained of is unreasonable under the particular allegations set forth therein. The complaint further challenges the rule on the ground that it was not made in good faith in that it was made to stifle competition and to give the defendant a monopoly on the burial-vault business within its cemetery. The allegations of the complaint further establish that the rule is not to be uniformly applied in that the charge is not assessed to the manufacturer of vaults sold by the defendant.

The record, so far, does not establish whether the defendant was incorporated under the provisions of ch. 157, Stats., or whether it was incorporated as a private corporation organized for profit. Probably it would make no difference. Even if the defendant was organized for profit, the public has an interest in the burial of the dead. The right of lot owners to select a particular type of burial vault was also raised by the complaint.

The trial court assumed, although it has not been established by proof, that the transportation of vaults manufactured by the plaintiffs over the cemetery roads, pathways, and sodded areas would naturally involve a certain amount of wear and tear upon the premises. The same may be assumed as to the vaults sold by the cemetery association. Certainly there is nothing in the record so far to indicate that more wear and tear would result thereto because used by the plaintiffs or their agents than would result if the same transportation was done by the defendant. The complaint recites

that the charge authorized is for the assistance of cemetery employees. It does not appear in the record that it is compensation for wear and tear.

We conclude that the issues presented by the complaint can be properly resolved only by means of a trial. The demurrer therefore should have been overruled.

*By the Court.*—Order reversed, and cause remanded for further proceedings.

MARTIN, C. J., and BROWN, J., took no part.